**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1)   STEPHEN SALLEE and<br>(2)   ANNE SALLEE,<br>individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>(1)   DOLLAR THRIFTY<br>        AUTOMOTIVE GROUP, INC.<br>        (d/b/a DOLLAR RENT A CAR);<br>(2)   DOLLAR RENT A CAR, INC.; and<br>(3)   DTG OPERATIONS, INC.,<br><br>                    Defendants. | Case No.  14-cv-00250-GKF-PJC<br><br>Judge Gregory K. Frizzell<br><br>Magistrate Judge Paul J. Cleary |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED PUTATIVE CLASS-ACTION COMPLAINT**

Defendants Dollar Thrifty Automotive Group, Inc. (d/b/a Dollar Rent A Car), Dollar Rent A Car, Inc., and DTG Operations, Inc. (collectively, "Defendants" or "Dollar"), by and through their undersigned counsel, and pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, respectfully request this Honorable Court to enter an order dismissing Plaintiffs Stephen Sallee and Anne Sallee's (collectively, "Plaintiffs") First Amended Putative Class-Action Complaint ("Complaint").  In support of this Motion, Defendants rely upon and incorporate by reference their Memorandum of Law, submitted herewith, and state as follows:

1. Plaintiffs' breach-of-contract claims, in Count I under Oklahoma law and Count IV under Florida law, fail to state a claim for which relief can be granted under Rule 12(b)(6) because Plaintiffs allege that the administrative fee was fully disclosed in Plaintiff Stephen Sallee's rental agreement with Dollar.  As a matter of law, a party to a contract cannot

breach the contract by charging a fee that is pursuant to an express provision in the contract.  In addition, Plaintiffs identify no contractual provision that was allegedly breached.

2.      Moreover, Plaintiffs' breach-of-contract claims fail because they are based on the allegation that Defendants charge an "administrative fee" that is greater than their administrative costs.  The law does not require that an administrative fee equal a business's underlying administrative costs.  Regardless, Plaintiffs fail to include any factual allegations as to the amount of Defendants' actual administrative costs.  Without alleging any basis for the bare assertion that Defendants' actual costs are higher than the administrative fee charged, Plaintiffs' claim fails to state a plausible basis for relief.

3.      Moreover, as a matter of law, the voluntary payment doctrine bars Plaintiffs' breach-of-contract claims because Plaintiffs allege that they voluntarily paid the administrative fee without protest after receiving a detailed, written explanation of the charges.

4.      Plaintiffs fail to state a claim for which relief can be granted under Count II, the Oklahoma Consumer Protection Act, and Count V, the Florida Deceptive and Unfair Trade Practices Act, because those statutes do not have extraterritorial application.  Plaintiffs allege that the rental transaction at issue in this case took place in Texas and that they incurred the administrative fees as a result of driving on electronic toll roads in Texas.  As Plaintiffs allege that the agreement was entered into and performed entirely in Texas, the Oklahoma and Florida statutes relied upon by Plaintiffs do not apply.

5.      Plaintiffs' unjust enrichment claims, including Count III under Oklahoma law and Count VI under Florida law, fail under Rule 12(b)(6) because those claims are repackaged versions of Plaintiffs' breach-of-contract claims.  Plaintiffs admit that their claims are governed by a valid written contract which discloses the administrative fees at issue.

6. Plaintiffs' claims based on the implied covenant of good faith and fair dealing, in Count VII under Oklahoma law and Count VIII under Florida law, also fail under Rule 12(b)(6) because implied covenant claims are not recognized in this context under Texas law, which applies here. Moreover, the implied covenant does not impose obligations that are inconsistent with the terms of the parties' written contract.

7. Under Rule 12(b)(1), Plaintiff Anne Sallee's claims should be dismissed from this case for lack of standing because she is not a party to the Dollar contract at issue. Plaintiffs allege only that Plaintiff Stephen Sallee was a party to the vehicle rental contract.

WHEREFORE, Defendants respectfully request that the Court grant this Motion to Dismiss Plaintiffs' First Amended Putative Class-Action Complaint in the form of the submitted Proposed Order and grant such additional relief in Defendants' favor as the Court deems appropriate.

Dated: September 2, 2014

Respectfully submitted,

s/ Sarah Jane Gillett
Sarah Jane Gillett, OBA No. 17099
HALL, ESTILL, HARDWICK, GABLE,
GOLDEN &NELSON, P.C.
320 South Boston Avenue, Suite 200
Tulsa, Oklahoma 74103-3705
Telephone: (918) 594-0439
Facsimile: (918) 594-0505
sgillett@hallestill.com
ATTORNEY FOR DEFENDANTS

John F. Ward, Jr., Ill. ARDC No. 6208004
(*pro hac vice*)
JENNER &BLOCK LLP
353 North Clark Street, 41st Floor
Chicago, Illinois 60654-4704
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
jward@jenner.com

Jessica Ring Amunson, D.C. ARDC No.
(*pro hac vice* motion pending)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC  20001-4412
Telephone:  (202) 639-6023
Facsimile:  (202) 661-4993
jamunson@jenner.com

ATTORNEY FOR DEFENDANTS

## Certificate of Service

     I, the undersigned, do hereby certify that a true and correct copy of Defendants' Motion to Dismiss Plaintiffs' First Amended Putative Class-Action Complaint was sent on the 2nd day of September, 2014, via electronic notice through the Court to:

| | |
|---|---|
| Tony M. Graham, Esq.<br>R. Jack Freeman, Esq.<br>GRAHAM & FREEMAN, PLLC<br>6226 E. 101st Street, Suite 300<br>Tulsa, Oklahoma  74137<br>tgraham@grahamfreeman.com<br>jfreeman@grahamfreeman.com | Bruce D. Greenberg, Esq. (*Pro Hac Vice*)<br>Jeffrey A. Shooman, Esq. (*Pro Hac Vice*)<br>LITE DEPALMA GREENBERG, LLC<br>Two Gateway Center, Suite 1201<br>Newark, New Jersey  07102<br>bgreenberg@litedepalma.com<br>jshooman@litedepalma.com |
| Jeffrey W. Lawrence, Esq. (*Pro Hac Vice*)<br>LAWRENCE LAW FIRM<br>101 California Street, Suite 2710<br>San Francisco, California  94104<br>jeffreyl@jlawrencelaw.com | Daniel R. Karon, Esq. (*Pro Hac Vice*)<br>Laura K. Mummert (*Pro Hac Vice*)<br>GOLDMAN SCARLATO KARON &<br>PENNY, P.C.<br>700 W. St. Clair Ave., Suite 200<br>Cleveland, Ohio  44113<br>karon@gskplaw.com<br>mummert@gskplaw.com |

                                                s/ Sarah Jane Gillett
                                                Sarah Jane Gillett

2096323.1:312519:01912